IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TONY GUY                                                                                               PLAINTIFF

V.                                                              CIVIL ACTION NO.3:10CV98-MPM-JAD

MARSHALL COUNTY CORRECTIONAL FACILITY, et al                          DEFENDANTS

## REPORT AND RECOMMENDATION

On the 24th day of February, 2011, plaintiff, an inmate at the Marshall County Correctional Facility, appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

Guy complains about the medical care and more specifically the lack of good medical results in the treatment of keloid scars on his face. He has some type of infection which has caused the scars to open up some and to have some type of discharge. He seeks to have the defendants ordered to take him to a specialist for treatment. Guy may not be deprived of needed medical care because of the Eighth Amendment's prohibition against cruel and unusual punishment and the defendants have "an obligation to provide medical care for those whom it is punishing by incarceration," *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S. Ct. 285, 290, 50 L.Ed. 2d. 251, 259 (1976). None of the defendants is liable for simple carelessness, inadvertent failure to provide appropriate medical care, nor even a deliberate failure to conform to a standard suggested by experts. *Id*. at 105-109, 97 S Ct. at 291-292. Prisoners may recover only for violation of their constitutional rights. "The Constitution does not command that inmates be given the kind of medical attention that judges would wish to have for themselves, nor the therapy that Medicare and Medicaid provides for the aged or the needy." *Barksdale v. King*, 699 F.2d 744, 748 (5th Cir. 1983). The Constitution only

prohibits "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106, 97 S. Ct. at 292. Only this level of indifference can amount to "unnecessary and wanton infliction of pain." *Id.* at 105, 97 S. Ct. at 291, (quoting *Gregg v. Georgia*, 428 U.S. 153, 182-183, 96 S. Ct. 2909, 2925, 49 L.Ed. 2d 859 (1976)). "It is only such indifference that can offend 'the evolving standards of decency' in violation of the Eighth Amendment." *Estelle,* 429 U.S. at 106, 97 S.Ct. at 292. Guy admits that his condition has been medically followed and treated with antibiotics, ointment and bandages. The treatment has been unsuccessful and he disagrees with the defendants choice of care and wants to see a specialist. Guy has not stated a claim for denial of medical care against the defendants..

Accordingly it is recommended that the complaint be dismissed with prejudice for failure to state a claim.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourtee days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the

dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 25th day of February, 2011.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE